FILED
CHARLOTTE, N.C.

FEB 2 3 1998

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 5:97CR31 |
| ) | |
| v. ) | |
| ) | **PLEA AGREEMENT** |
| JHON JAIRO FLOREZ ) | |
| aka Angel Luis Tirado ) | |
| ) | |

NOW COME the United States of America, by and through Mark T. Calloway, United States Attorney for the Western District of North Carolina, and the defendant, JHON JAIRO FLOREZ, in person and through counsel, VICTORIA S. GONZALEZ, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Counts One, Two, Three, Four, Five and Six as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in those Counts.

### II. Sentence

2. The defendant is aware that the statutory minimum and maximum sentences for each Count is as follows:

Count One: a $250,000 fine, not more than 10 years imprisonment, or both.

The defendant is aware that any sentence imposed will be in conformity with the *United States Sentencing Guidelines* [*U.S.S.G.*], and that a sentence imposed under the Guidelines is without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

3. In regard to the Sentencing Guidelines, the defendant and the United States agree to recommend to the Court as follows:

    a.    The aggregate amount of the structured and fraudulent transactions was between $800,000 and $1,500,000.

    b.    Provided that the defendant acknowledges to the government, the Probation Office, and the Court the nature and extent of all relevant criminal conduct, the United States agrees to recommend a two-level reduction in offense level pursuant to *U.S.S.G.* § 3E1.1.

Provided that the defendant has timely provided information to the government concerning his involvement in the offense(s) charged, or has timely notified authorities of an intention to plead guilty, the United States agrees to recommend that the defendant receive an additional one-level reduction pursuant to *U.S.S.G.* § 3E1.1(b)(2).

However, the defendant understands that any reduction in offense level is ultimately for the Court's determination.

    c.    Notwithstanding any recommendations in this Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that *U.S.S.G.* §4B1.1 (Career Offender) or §4B1.4 (Armed Career Criminal) or a statutory minimum sentence applies, then that provision will be used in determining the sentence.

    d.    The defendant is aware that if the Probation Office determines that a different offense level or a Guideline not addressed in this agreement applies, and the Court finds that the Probation Office is correct, then the Court will use that offense level or Guideline in determining the sentence. Nothing in this Plea Agreement will prevent either the United States or the defendant from arguing, before the sentence is imposed, for the offense level as agreed upon herein and a sentence within the corresponding *U.S.S.G.* range.

4. The United States and the defendant agree, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B), that the defendant's sentence, including any fine, will be within the applicable Sentencing Guidelines range, and that the Court in its discretion will determine the exact point within that range. Nothing in this Agreement precludes the defendant from arguing for or otherwise seeking to obtain either a specific form or term of sentence as permitted within such range or, if applicable, a sentence authorized by *U.S.S.G.* § 5B1.1 or 5C1.1. Nor does this Agreement require or prohibit that the United States take a position before the Court concerning the specific form or term of the sentence within the applicable range or *U.S.S.G.* § 5B1.1 or § 5C1.1.

5. Subject to the Court's discretion and determination that the defendant is financially able, the defendant agrees to pay full restitution, which will be included in the Court's Order of

5.  Subject to the Court's discretion and determination that the defendant is financially able, the defendant agrees to pay full restitution, which will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's relevant conduct, as defined by *U.S.S.G.* §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663.

In the event that the United States has agreed hereunder to dismiss one or more counts, the defendant agrees to pay restitution for all losses resulting from the activities underlying and relevant to the dismissed counts, regardless of whether any such charge is an "offense" for purposes of 18 U.S.C. § 3663 or any other applicable statute.

The parties further agree that the Court may accept the information in the Presentence Investigation Report, except any facts to which the defendant files written objections, as establishing sufficient factual findings regarding the amount of loss sustained by the victim, the financial resources of the defendant, earning ability of the defendant, and any other factors contained in said report [18 U.S.C. §3664(a) & (b)].

6.  The parties stipulate that, pursuant to 21 U.S.C. § 862(a), the defendant will be ineligible for all federal benefits for 5 years after the date of sentencing. If the Court determines that this conviction is the second federal or state offense of distribution of controlled substances, the defendant will be ineligible for all federal benefits for 10 years after sentencing. If the Court determines that this conviction is the third or subsequent such offense, the defendant will be permanently ineligible for all federal benefits.

7.  The defendant hereby agrees to pay the total amount required for assessment $100.00 per count, to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty.

8.  The defendant agrees to reimburse the United States for the cost of Court-appointed counsel and that the Court may include such reimbursement in the Order of Judgment.

### III. Procedure

9.  The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Federal Rule of Criminal Procedure 11.

10. In regard to the factual basis as required by Federal Rule of Criminal Procedure 11(f):

   a.  With the Court's permission, the factual basis will be deferred until the time of sentencing.

    b.    The parties stipulate that the Court may use the offense conduct set out in the Pre-Sentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

    c.    The defendant stipulates that there is a factual basis for the plea of guilty, and relieves the United States of any further obligation to present evidence. The United States may provide the factual basis for this case by presenting witnesses, relying upon the Pre-Sentence Report, or reciting for the Court a summary of the investigation.

    d.    The United States may present pertinent background information and evidence obtained during the investigation of the matters described in the Bill of Indictment. The United States will correct misleading or inaccurate statements or information, if any, that the defendant or other persons may present to the Court.

    e.    The defendant may clarify the factual basis as he desires.

## IV. Waivers

11. In the event that the defendant fails to comply strictly with this Plea Agreement, he understands and agrees that the Plea Agreement will become null and void, except that the defendant's plea of guilty, and the resulting guilty verdict will stand.

12. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the District Court has accepted it.

13. The defendant understands that, absent an agreement to the contrary, any statements to law enforcement officials prior to the signing of this agreement are not statements made to "an attorney for the government," Fed.R.Crim.Proc. 11(e)(6)(D), Fed.R.Evid. 410(4), and that any subsequent statements to either law enforcement agents or government prosecutors are not statements "made in the course of plea discussions." *Id.*

14. The defendant understands and agrees that by pleading guilty, he is expressly waiving the following rights:

    a.    to be tried by a jury;
    b.    to be assisted by an attorney at trial;
    c.    to confront and cross-examine witnesses ; and
    d.    not to be compelled to incriminate one's own self.

15. The defendant is aware that 18 U.S.C. § 3742 and § 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the defendant, in exchange for the concessions made by the United States in this plea agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. §2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

16. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

17. The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms will be ordered destroyed.

## VII. Conclusion

18. The defendant understands that if he breaches this agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial, pre-sentence, or post-sentence release, the United States may void this agreement. In that event, the defendant's plea of guilty and the resulting guilty verdict will stand, and the United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

19. There are no agreements, representations, or understandings between the parties in this case, other than those that are explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all the parties.

SO AGREED:

MARK T. CALLOWAY, UNITED STATES ATTORNEY

*[signature]*  DATED: 2-23-98
ROBERT J. HIGDON, JR., Assistant United States Attorney

*[signature]*  DATED: 2-20-98
VICTORIA S. GONZALEZ, Attorney for Defendant

*John J Florez*  DATED: 2-20-98
JHON JAIRO FLOREZ, Defendant